UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CHRISTOPHER JOHNSON,
        Plaintiff,

v.                                         Case No. 16-CV-1244

BREW CITY BAR B Q INC, et al.,
        Defendant.

## DECISION AND ORDER

The plaintiff, Christopher Johnson, brought this action in the Wisconsin Circuit Court for Milwaukee County against the defendants for damages arising from personal injuries. Defendant John Whitehead removed the case to this court pursuant to 28 U.S.C. § 1441 on the basis of diversity of citizenship under 28 U.S.C. § 1332(a). Before me now is Johnson's motion to remand the case to state court.

Not every diversity case can be removed to federal court. Under § 1441(b)(2), "[a] civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." This is sometimes called the "forum defendant rule." *E.g.*, *Hurley v. Motor Coach Indus.*, 222 F.3d 377, 378 (7th Cir. 2000). Here, all of the defendants are citizens of Wisconsin, the forum state, so the forum defendant rule applies, this case does not qualify for removal, and Johnson is entitled to remand.

Whitehead argues that this court is a better forum for this action because Johnson is trying to "'game' the judicial system" in state court and discovery will be easier in federal court because several witnesses are residents of Illinois, not

1

Wisconsin. Def.'s Br., ECF No. 7, at 1, 5. However, even if this court would provide a better forum for this action, that is insufficient to overcome § 1441(b)(2), which clearly prohibits removal under these circumstances.

Johnson seeks reimbursement under 28 U.S.C. § 1447(c), which allows for recovery of "just costs and any actual expenses, including attorney fees," that a litigant incurs as a result of improper removal by an adversary. "The process of removing a case to federal court and then having it remanded back to state court delays resolution of the case, imposes additional costs on both parties, and wastes judicial resources." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 140 (2005). Thus, when a party's "adversary wrongfully drags them into a second judicial system the loser must expect to cover the incremental costs." *Garbie v. DaimlerChrysler Corp.*, 211 F.3d 407, 411 (7th Cir. 2000). Section 1447(c) gives district courts discretion to award costs and expenses when a defendant "lacked an objectively reasonable basis for seeking removal." *Martin*, 546 U.S. at 141. Removal is not reasonable if it is foreclosed by law that is clearly established at the time of removal. *Lott v. Pfizer, Inc.*, 492 F.3d 789, 792 (7th Cir. 2007). Because clearly established law, § 1441(b)(2), foreclosed removal here, Whitehead lacked an objectively reasonable basis for seeking removal. I will, therefore, award Johnson the costs and expenses incurred because of Whitehead's improper removal.

**THEREFORE, IT IS ORDERED** that Johnson's motion to remand (ECF No. 4) is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **REMANDED** to the Wisconsin Circuit Court for Milwaukee County.

**IT IS FURTHER ORDERED** that the clerk mail a certified copy of this order to the clerk of the Wisconsin Circuit Court for Milwaukee County.

**IT IS FURTHER ORDERED** that Johnson's request for costs and expenses incurred as a result of the removal is **GRANTED** and that he provide an accounting thereof within 30 days of entry of this order.

Dated at Milwaukee, Wisconsin, this 13th day of October, 2016.

s/ Lynn Adelman
_____
LYNN ADELMAN
District Judge